BENJAMIN M. POWELL v. LAURA POWELL.

*Divorce—Desertion.*

Where a bill of divorce against a wife is grounded on adultery it will not sustain a decree for desertion if the only allegations on that point are that defendant has lived away from her husband for a period of less than two years in adulterous cohabitation with a specified person, and that complainant has not voluntarily cohabited with defendant since the discovery of such adultery.

Appeal from Montcalm. (V. H. Smith, J.) Oct. 15.— October 28.

DIVORCE bill. Complainant appeals. Affirmed.

*N. O. Griswold* for complainant.

MORSE, C. J. The complainant filed his bill of complaint in the circuit court for the county of Montcalm, in chancery, alleging adultery on the part of defendant with one Waldron; and also setting forth, further, that while complainant and defendant were living and cohabiting together as husband and wife, said Waldron, who had been treating the defendant professionally as a physician, on the 15th day of December, A. D. 1879, without the knowledge or consent of complainant, and while he was away, procured teams and moved all the household furniture, clothing, and personal effects of the defendant seven miles away from Murray township, where complainant lived, to Brighton, Ontario, a distance of seven miles; and that soon thereafter the said Dr. Waldron and the defendant resided in Brighton as husband and wife in open and lascivious cohabitation, and continued to so reside together until the spring of 1881, when Dr. Waldron died at the house where he and defendant were so living; "and that the said Laura Powell, without any cause or provocation, deserted your orator as aforesaid, and continued from the date aforesaid to reside separate and apart from your orator and with the said Dr. Waldron until his death, aforesaid."

This allegation is relied upon as a proper averment of deser- tion under the statute, and is the only reference in the bill from which desertion can be claimed.

There was no personal service upon defendant, but upon proof of publication the bill was properly taken as confessed against her, and referred to a commissioner to take proofs and make report. Testimony was obtained by commission on interrogatories, and two witnesses also sworn and exam- ined by the circuit court commissioner. Upon his report to the circuit court in chancery a decree was entered therein dismissing complainant's bill, and he appeals to this Court.

It will readily be seen that the allegation of desertion in the bill is not sufficient. The charge therein covers only a period from December, 1879, until the spring of 1881, less than two years, and is entirely silent as to what took place afterwards, save that complainant has not *voluntarily* cohab- ited with defendant "since the discovery of such adultery on the 15th day of December, 1879." It is evident that the bill was filed upon the theory of adultery only, and that the claim of desertion is an after-thought. There is no proof whatever of adultery. The brief filed in this Court by the solicitor of complainant does not ask a decree on that ground, but the argument is made that, he is entitled to a decree on account of desertion. But if the allegations in the bill of complaint were sufficient to admit of evidence to support the charge of desertion, the testimony shows that the parties had separated before defendant moved to Brighton, and there is nothing to show but that such separation and her removal to Brighton was not with the full and free consent of com- plainant. In fact, the inference is, from the whole proofs, that complainant deserted defendant because he suspected her of adultery, which he has failed to establish in this cause.

The decree of the court below is affirmed.

The other Justices concurred.